IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

IN RE:
                                         *

MINH VU HOANG
THANH HOANG                  *
        Debtors

                                        *     Bankruptcy No. 05-21078-TJC
                                           Bankruptcy No. 05-25738-TJC

                                        *     Jointly Administered Under
                                           Bankruptcy No. 05-21078-TJC
     *

                          *     *     *     *     *

GARY A. ROSEN, TRUSTEE
One Church Street, Suite 802       *
Rockville, Maryland 20850

                                      *

     vs.

                                        *

BAY GENERAL PARTNERSHIP
9101 Clewerwall Drive           *
Bethesda, Maryland 20817
     and                        *
BAY GENERAL PARTNERSHIP
C/O EDITH D. PURDIE          *
8603 Milford Avenue
Silver Spring, Maryland 20910    *
     and
EDITH D. PURDIE              *
8603 Milford Avenue
Silver Spring, Maryland 20910    *
     and
ALEXANDER KHANH ANH LE   *
9812 Falls Road, #114-221
Potomac, Maryland 20854      *

                  *  *  *  *  *  *  *  *  *  *  *  *

**COMPLAINT FOR DECLARATORY RELIEF, TURNOVER OF PROPERTY AND FOR SALE OF PROPERTY FREE AND CLEAR OF CLAIMS AND INTERESTS**

COMES NOW, Gary A. Rosen, Trustee, by and through his undersigned counsel,

and in support of his *Complaint for Declaratory Relief, Turnover of Property, and for*

*Sale of Property Free and Clear of Claims and Interests,* respectfully states the following:

## Jurisdiction and Venue

1.  This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. § 1334, 28 U.S.C. § 157 and U.S. District Court Local Rule No. 402.  Further, this adversary proceeding is a "core proceeding" pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A), (E) (N) and (O).  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## Parties

2.  On May 10, 2005, the Debtor Minh Vu Hoang filed her Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-21078-NVA (the "Minh Case") and an Order for Relief thereupon was entered.  By Order of this Court entered October 28, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

3.  On July 12, 2005, the debtor Thanh Hoang filed his Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-25738-NVA (the "Thanh Case") and an Order for Relief thereupon was entered.  By Order of this Court entered September 22, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

4.  By Order entered August 31, 2005 in the case of Minh Vu Hoang, the Plaintiff Gary A. Rosen was appointed Chapter 11 Trustee therein.  By further Order entered August 31, 2005, the Plaintiff Gary A. Rosen was appointed Chapter 7 Trustee therein.

5.  By Order entered September 23, 2005 in the case of Thanh Hoang, the Plaintiff Gary A. Rosen was appointed Chapter 7 Trustee therein.

6.  By Order entered September 28, 2005 in both of the above cases, this Court Ordered joint administration of the instant proceedings under Case No. 05-21078-NVA.

7.  The Defendant Bay General Partnership (hereinafter "Bay GP") is an alleged general partnership with a business address noted in the above caption hereof.[1]

8.  The Defendant Edith D. Purdie (hereinafter "Purdie") is an adult resident of the State of Maryland whose residential address is in the above caption hereof.

9. The Defendant Alexander Khanh Anh Le (hereinafter "Alex Le") is an adult resident of the State of Maryland whose last known residential address is in the above caption hereof.[2]  Further, your Trustee notes that Alex Le is the known agent, alter-ego and confederate of Minh Vu Hoang in the conduct and operation of her business affairs and those of various Vu family entities.

### Facts Common to All Counts

#### *Overview of Factual Background of Complaint*

10.  As hereinafter described in detail, the instant complaint illustrates the connivance of Debtor Minh Vu Hoang, her family members, business associates and related entities, in the laundering of monies belonging to the Debtor Minh Vu Hoang and related Bankruptcy Estates into property now claimed to be owned by the Defendants Bay GP and Purdie.  Specifically, during the pendency of the instant bankruptcy proceedings, the Debtors Minh Vu Hoang and Thanh Hoang caused hundreds of

---

[1] An unsigned copy of a Bay General Partnership Agreement, which indicates Alex Le and Edith Purdie as partners, was found at 7915 Jensen Road; a copy of the partnership agreement is attached hereto and incorporated by reference herein as "Exhibit 1."  As the Court will recall, 7915 Jensen Place is a property titled in the name of Minh Vu Hoang's siblings, Hao Q. Vu and Hung Vu.  Said location has been utilized in the past by the Debtor Minh Vu Hoang as an alternative business address and was the subject of a search warrant and record seizure by federal law enforcement authorities separately investigating the affairs of Minh Vu Hoang.
[2] Upon information and belief while under investigation, Defendant Alex Le fled from the United States and now is believed to be living in Vietnam.

3

thousands of dollars of monies controlled and owned by the Bankruptcy Estates herein to be utilized for the purchase of certain improved real property located at of 5955 Hil Mar Drive, District Heights, Maryland 20747 (hereinafter "Hil Mar"). Also explicated are the attempts by the Debtor and the Defendants to deprive the Estates herein from the considerable value of Hil Mar by facilitating the transfer of record title of Hil Mar presumably in preparation to encumber, transfer record title or sell Hil Mar.

### The Purchase of Hil Mar

11.  On or about April 26, 2004, Howard N. Bierman, Substitute Trustee, employed by or associated with the law firm of Bierman, Geesing & Ward, LLC (hereinafter individually and collectively referred to as "Bierman") caused all of that real property located, known and designated as Hil Mar to be sold at public auction sale in connection with those foreclosure proceedings then pending in the Circuit Court for Prince George's County, Maryland and captioned as *Howard N. Bierman, et al., Substitute Trustees, Plaintiffs v. Victoria Washington, Defendant* (Civil No. E04-05092 hereinafter the "foreclosure case.")

12.  At the sale conducted as aforesaid, Defendant Bay GP represented by Defendant Alex Le was the successful bidder for Hil Mar with a high bid of $180,000.00. See *Memorandum of Purchase at Public Auction*, dated April 26, 2005, *Purchaser's Affidavit* dated April 26, 2005, and the *Auctioneer's Affidavit* dated April 26, 2005 attached hereto and collectively incorporated by reference herein as "Exhibit 2."

13.  As set forth the in the *Advertisement of Sale* for Hil Mar, the deposit required to be paid by the successful purchaser was in the amount of $11,200.00. See *Advertisement of Sale* attached hereto and collectively incorporated by reference herein

4

as "Exhibit 3."  Defendant Bay GP, acting through Defendant Alex Le, tendered a deposit

unto Bierman in the aggregate amount of $11,354.67.  Although the accounting detail of

that deposit has been sought by compulsory process from Bierman, the same has not yet

been produced for inspection and use by your Plaintiff/Trustee.

### Closing on the Purchase of Hil Mar

14.  Following the auction sale as described aforesaid, Bierman filed its *Report of

Sale* with the Circuit Court for Prince George's County, Maryland.

15.  Closing ultimately was concluded on said sale on or about July 29, 2005 as

appears by that executed *HUD-1 Settlement Statement* attached hereto and incorporated

by reference herein as "Exhibit 4."[3]

16.  The Defendant Bay GP acting through Defendant Alex Le tendered unto

Bierman settlement proceeds in the amount of $200,502.95.[4]  Said sum was tendered

unto Bierman as follows:

A.  Classic Settlements, Inc., Silver Spring Escrow Account Check No. 4369 in

the amount of $131,173.37 dated June 16, 2005 and payable to "Cybele General

Partnership by Thanh Hoang and General Partne" ("Settlement Instrument No. 1").

B.  Central Processing Center, LLC Account 13 Maryland Escrow Check No.

30304 in the amount of $69,329.58 dated July 12, 2005 and payable to "Van Vu General

Partnership" ("Settlement Instrument No. 2").  A copy of Settlement Instruments No. 1

and No. 2 is attached hereto and incorporated by reference herein as "Exhibit 5."

### Settlement Instrument No. 1

---

[3] Your Plaintiff/Trustee asks the Court to note that the said *HUD-1 Settlement Statement* allegedly executed
by Defendant Alex Le is in handwriting that appears suspiciously similar to known examples of
handwriting of the Debtor Minh Vu Hoang.
[4] A check for $30,913.98 was tendered by Bierman on July 29, 2005 payable to Bay GP General
Partnership representing the refund of excess funds tendered to Substitute Trustees at settlement.

5

17.  Settlement Instrument No. 1 reveals that the same is a check issued by Classic Settlements, LLC on June 16, 2005 in the amount of $164,428.10 and payable to "Cybele General Partnership by Thanh Hoang and General Partne."  Further examination of Settlement Instrument No. 1 reveals that the same represents the cash derived from closing on the sale of that real property located at 7977 Riggs Road, No. 12, Hyattsville, Maryland 20783.

18. Patently, Settlement Instrument No. 1 is the property of the Bankruptcy Estate of Cybele General Partnership (hereinafter "Cybele"), the Debtor in Bankruptcy No. 05-90432 now pending before this Court.  As the record of that proceeding will reflect, all of the equity in Cybele is owned by the Debtors Minh Vu Hoang and Thanh Hoang.[5]

19.  All of the monies evidenced by Settlement Instrument No. 1 are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by Settlement Instrument No. 1 are the property of the Defendants herein. Nonetheless, Settlement Instrument No. 1 was applied in its entirety toward the purchase of Hil Mar.

**Settlement Instrument No. 2**

20.  Settlement Instrument No. 2 reveals that the same is a check issued by Central Processing Center Center, LLC on July 12, 2005 in the amount of $69,329.58 and payable to "Van Vu General Partnership."

---

[5] Perhaps unsurprisingly, your Trustee's investigation now has unearthed eight (8) separate *Partnership Agreements* for Cybele; all of which reflect that the partners of Cybele are the Debtors Minh Vu Hoang, Thanh Hoang or the previously identified Hao Vu and Van T. Vu. (See *Partnership Agreements* attached hereto and incorporated by reference herein as "Exhibits 6, 7, 8, 9, 10, 11, 12 and 13").  Further a *Partnership Resolution* and a *Certificate of Incumbancy* (sic) prepared for Cybele also confirm the same. (See *Partnership Resolution* and *Certificate of Incumbancy* (sic) attached hereto and incorporated by reference as "Exhibits 14 and 15").  In any event, it is beyond cavil that all of the ownership in Cybele is owned by the Bankruptcy Estates herein either by direct vesting in the Trustee of the interests of the Debtors Minh Vu Hoang and Thanh Hoanh, or by that Sibling Assignment from the said Hao Vu and Van T. Vu as heretofore approved in the Consolidation Settlement.

21.  Settlement Instrument No. 2 is property of the Bankruptcy Estates as Van Vu General Partnership is a Maryland general partnership whose partners were the Debtor Minh Vu Hoang and her siblings, Van T. Vu and Hao Vu, as appears by reference to that *Partnership Agreement* for Van Vu General Partnership attached hereto and incorporated by reference herein as "Exhibit 16."[6]

22.  All of the monies evidenced by Settlement Instrument No. 2 are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by Settlement Instrument No. 2 are the property of the Defendants herein. Nonetheless, Settlement Instrument No. 2 was applied in its entirety toward the purchase of Hil Mar.

### *Post-Closing Activities Regarding Hil Mar*

23.  Contemporaneously with closing, Bierman provided Defendant Bay GP with a Substitute Trustee's Deed in form and content sufficient to effect change in the Land Records of Prince Georges County, Maryland and showing "Bay General Partnership" as Grantee.  (Attached hereto and incorporated by reference herein as "Exhibit 17" is a copy of the Substitute Trustees Deed executed by Bierman).

24.  Upon information and belief, the Debtors Minh Vu Hoang and Thanh Hoang and the Defendants Bay GP, Alex Le and Purdie **have altered** the Substitute Trustee's Deed provided to Defendant Bay GP after the settlement on Hil Mar.  The Substitute Trustee's Deed which was ***actually recorded*** among the Land Records of Prince George's County, Maryland recites the Grantee as "Edith D. Purdie for Bay General

---

[6] Of course, all of the interests of the said Van T. Vu and Hao Vu in Van Vu General Partnership are now vested in your Plaintiff/Trustee by virtue of the terms of that Settlement Agreement resolving the Trustee's *Motion for Substantive Consolidation* of the individual Chapter 11 cases of Van T. Vu and Hao Vu (Case Nos. 05-26521 and 05-26765, respectively) with the bankruptcy estates herein.

Partnership."[7]  (Attached hereto and incorporated by reference herein as "Exhibit 18" is a copy of the Substitute Trustees Deed recorded among the Land Records of Prince George's County, Maryland).

25.  Your Plaintiff/Trustee seeks a declaration by this Court confirming his ownership of all of the fee simple title to Hil Mar.

26.  Further, your Plaintiff/Trustee seeks authority from this Court permitting your Plaintiff/Trustee *pendente lite* to take possession and control of Hil Mar and to manage said property including the rental of the same.  Further, your Trustee seeks authority from this Court to market and list Hil Mar for sale and further authorizing your Plaintiff Trustee to consummate a sale of Hil Mar upon proper compliance with the provisions of the Bankruptcy Code and Rules of Procedure.

27.  Finally, in order to protect the interests of all parties, your Plaintiff/Trustee seeks an Order requiring the Plaintiff/Trustee hereafter to account for all income and expenses related to Hil Mar and requiring him administratively to segregate all such funds pending this Court's final ruling on the merits of the instant litigation.

## Count I
## (Declaratory Relief)

28.  The allegations contained in Paragraphs 1 through 27, *supra,* hereby are incorporated by reference in the body of this Count I as if fully set forth herein.

29.  The instant case presents an actual controversy within the jurisdiction of this Court upon which this Court may declare the rights and other legal relations of the Plaintiff/Trustee and the Defendants with regard to the ownership of Hil Mar.

---

[7] It further appears that the signature page of the Substitute Trustee's Deed was altered to recite the return address as that of Edith Purdie's and then attached to the fabricated first page of the Substitute Trustee's Deed to be recorded among the Land Records of Prince George's County.

30. As set forth aforesaid, the circumstances under which the Defendants acquired title to Hil Mar render it inequitable for Defendants to continue to hold title against the interests of the Estates.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1.      DECLARE that Hil Mar is the lawful property of the Plaintiff/Trustee and the Bankruptcy Estates herein.

2.      IMPOSE a constructive trust upon Hil Mar for the exclusive benefit of the Plaintiff/Trustee and the Bankruptcy Estates herein.

3.      DECLARE that Defendants are without any legal right, title or interest in Hil Mar.

4.      DECLARE that the Trustee is entitled to all dominion and control over Hil Mar.

5.      ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count II
### (Turnover of Property to the Estate)

31. The allegations contained in Paragraphs 1 through 30, *supra,* hereby are incorporated by reference in the body of this Count II as if fully set forth herein.

32. The property known as Hil Mar is the property of the Estates as defined in 11 U.S.C. §541 which the Plaintiff/Trustee may use, sell or lease pursuant to 11 U.S.C. § 363. As such Defendants are obliged and should be required to deliver control of Hil Mar to the Trustee and account for Hil Mar (including, *inter alia,* all rental or other income derived therefrom since July 29, 2005) or the value thereof pursuant to 11 U.S.C §

542(a).

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1.    ORDER Defendants, and all persons acting in concert or cooperation with them, deliver and turnover to the Plaintiff/Trustee all of its right, title and interest in and to Hil Mar including, *inter alia*, the execution and delivery to the Plaintiff/Trustee of a good and sufficient Deed to Hil Mar in form and content sufficient to effect change of record title thereto among the Land Records of Prince George's County, Maryland.

2.    ORDER Defendants be required by a date certain to provide to the Trustee and file herein a complete accounting of all income derived from July 29, 2005 to date for Hil Mar.

3.    AUTHORIZE and DIRECT Gary A. Rosen, Trustee, *pendente lite*, to take possession of and manage Hil Mar, including the rental thereof; subject to the obligation of the Trustee to administratively segregate the funds derived from Hil Mar and to account for the same from time to time.

3.    ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count III
### (Sale Free and Clear)

33.  The allegations contained in Paragraphs 1 through 32, *supra,* hereby are incorporated by reference in the body of this Count III as if full set forth herein.

34.  Hil Mar constitutes property of the Estates.

35.  The purported interest of the Defendants is in *bona fide* dispute as described aforesaid and as contemplated in 11 U.S.C. § 363(f)(4).

36. Your Trustee desires to sell Hil Mar free of the interests of the Defendants.

37. Your Trustee proposes to market and sell Hil Mar through the utilization of the local multiple listing services of an agent to be approved by this Court. Upon receipt of an offer acceptable to him, your Trustee proposes to provide *Notice* of his intended sale of Hil Mar as required by the provisions of 11 U.S.C. § 363(b) and the Bankruptcy Rules of Procedure.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1. AUTHORIZE the Plaintiff, Gary A. Rosen, Trustee, to sell Hil Mar free and clear of all interests of the Defendants with all such valid interests, if any, attaching to the net proceeds derived from the sale.

2. AUTHORIZE the Plaintiff, Gary A. Rosen, Trustee, to list Hil Mar for sale with a multiple listing service through the offices of a real estate agent to be approved by this Court upon proper *Application* therefore by the Trustee with any sale subject to notice to all parties-in-interest and opportunity to object thereto as provided by the Bankruptcy Code and Rules of Procedure.

3. ORDER such other and further relief as the nature of this cause and the interests of justice may require

Respectfully submitted,
GARY A. ROSEN, CHARTERED

Dated:

By:___*/s/ Gary A. Rosen*_____
Gary A. Rosen
One Church Street, Suite 802
Rockville, Maryland 20850-4158
Telephone (301) 251-0202

SCHLOSSBERG & ASSOCIATES


By:    */s/ Roger Schlossberg*
Roger Schlossberg
134 West Washington Street
P.O. Box 4227
Hagerstown, Maryland 21741-4227
Telephone (301) 739-8610

Attorneys for Trustee